# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**RUDOLPH ROSENBERG,**

    Petitioner,

V.

**STATE OF NEW JERSEY,**

    Respondent.

Civ. No. 18-11014 (KM)

**AMENDED OPINION**

On March 1, 2019, I filed an opinion and order (DE 23, 24) pursuant to 28 U.S.C. § 1455(b)(4), denying removal of a criminal case under 28 U.S.C. § 1443(1) and remanding this matter to municipal court. On April 30, 2019, Mr. Rosenberg moved to vacate that order. (DE 26) It came to my attention that the docket contained a typographical error in the plaintiff's address and that he had not received that opinion and order, as well as possibly other filings. I ordered that the address be corrected; that a photocopy of the complete docket and filings be sent to Mr. Rosenberg;[1] and that he would be permitted to show cause in writing on or before June 7, 2019, why the prior opinion and order should be vacated. Given the communication difficulties, the order stated explicitly that I would entertain that application without regard to the usual high standard for reconsideration. Mr. Rosenberg has responded to the order to show cause. ("June 3 Brf.", DE 29) I consider that June 3 Brief, and his earlier motion to vacate (DE 26), *de novo*. I amend my prior opinion as follows.

---

[1] The docket reflects that on the same date, the clerk sent "the entire civil case file and docket sheet" to the correct address, certified mail, return receipt requested.

**Procedural Background**

Rudolph Rosenberg is the defendant in a municipal court case in Englewood, New Jersey (*i.e.,* Superior Court of New Jersey, Bergen County, Municipal Division. By Summons # SC 2017 010638, he is charged with hindering apprehension, in violation of N.J. Stat. Ann. 2C:29-3B(4) (giving false information to an officer). (DE 1 at 18)

Mr. Rosenberg seeks to remove his Englewood municipal court criminal case to federal court under a little-used statute:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443(1). On June 18, 2018, Mr. Rosenberg filed in this Court a document styled as a "Notice of Removal . . . [and] Order to Show Cause for Leave to File Past 30 Days." ("Notice", DE 1) By contrast with the more familiar notice of removal in a civil case, which is self-executing, a § 1443 notice of removal does not automatically deprive the state court of jurisdiction and lodge it in the federal court. Indeed, "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3).

2

This Notice was filed using the caption of the state criminal case, but the clerk has properly docketed the matter under a civil number, because it is in substance a petition for removal. Only if the petition is granted will this matter be filed in federal court as a criminal case. Accordingly, in an earlier order, I realigned the parties, deeming Mr. Rosenberg to be the petitioner and the State to be the respondent. (DE 3) The State has filed a response in the form of a motion to dismiss. (DE 15). By two Orders to Show Cause, I directed Mr. Rosenberg to file a reply, the second requiring that it be filed on or before March 1, 2019. (DE 22) No such reply was received, although it now appears that a faulty address in the docket may be to blame.

As noted above, I now have the benefit of Mr. Rosenberg's motion to vacate (DE 26) and response (DE 29) to my order to show cause. They will be considered in my analysis.

**Notice of Removal**

Mr. Rosenberg's Notice of Removal contains a recitation of facts, and attaches a number of exhibits. I summarize it as follows.

"[T]he judicial officials named herein are involved in what amounts to being a RICO CRIMINAL AND CIVIL CONSPIRACY to fix a trial against Defendant Rosenberg." (Notice ¶ 1) They have engaged in "multiple fraudulent prosecution attacks upon Rosenberg from December 2017" that have lulled him into believing his right to counsel would be protected. (*Id.* ¶¶ 2–4) Vital records have been "stolen or misappropriated by third parties." (*Id.* ¶ 7) The

judiciary has "fabricated a false court record to hold that Rosenberg has waived his right to counsel." (*Id.* ¶ 2)

The criminal complaint and summons, as well as the underlying police report, were filed and received by Mr. Rosenberg on January 28, 2018. The report of arrest contains false allegations about a police investigation of "harassment." (*Id.* ¶¶ 5–6)

The relevant police reports are attached to Mr. Rosenberg's Notice of Removal. (*See* Exs. B & C, DE 1 at pp. 20–26.) The arrest report of the complaining witness, an Englewood police officer, states that the charges arose from an altercation in a Starbucks coffee shop on December 18, 2017:

> ACTOR HARASSED THE VICTIMS IN STARBUCKS COFFEE, AND THEN STATE "YOU PEOPLE ARE ALWAYS BOTHERING WHITE PEOPLE!" DURING THE COURSE OF AN INVESTIGATION, ACTOR GAVE FALSE PEDIGREE INFORMATION TO A SWORN POLICE OFFICER, AND HAD AN OUSTANDING WARRANT OUT OF HOBOKEN, NJ

(DE 1 at 20) According to the officer, Mr. Rosenberg, when confronted, falsely stated that his first name was "Heinrick" and that his date of birth was July 5, 1959. When his genuine name and date of birth were ascertained, it emerged that he had an outstanding active warrant out of Hoboken.[2]

In the late spring of 2018, Mr. Rosenberg apparently filed a criminal complaint (S 2018 000137) against one of the officers involved, Charles Silva,

---

[2] The narrative portion of the report, too long to quote here, is attached to Mr. Rosenberg's Notice of Removal at DE 1, pp. 20–21. The truth, or not, of the charges and underlying facts of course has not been adjudicated, so far as the Court is aware.

4

charging a violation of N.J. Stat. Ann. § 2C:28-2(a) (false swearing). A probable cause hearing in municipal court was scheduled for June 7, 2018. (Notice ¶¶ 7–9 & Ex. D (DE 1 at p. 34))

The Englewood Municipal Court, Mr. Rosenberg's Notice states, is "entirely staffed by African Americans or similar facsimile who persistently engage in racialized and related forms of discriminatory retaliation against Defendant Rosenberg." (Notice ¶ 10) "Englewood's Municipal Court African American judge, Lesley Adams, persistently engages in racialized and other forms of discriminatory is African American and who also engaged in abusive racialized conduct against Defendant Rosenberg." (*Id.* ¶ 11)

The Notice refers generally to Judge Adams's issuance of other unspecified third-party criminal and domestic violence complaints against Mr. Rosenberg based on fabricated allegations. (*Id.* ¶¶ 13–14) It alleges generally that Mr. Rosenberg has been denied access to various unspecified records, *Brady* material, and the like. (*Id.* ¶ 15)

The Notice alleges that on April 7 and 17, 2018, the municipal court permitted Mr. Rosenberg's appointed counsel to withdraw, but that the defendant did not receive proper prior notice of these proceedings. (Notice ¶ 17) It refers to a complaint to the presiding judge, a copy of which is attached to the Notice, which elaborates somewhat. Mr. Rosenberg informed the court that he could not respond in writing regarding the relief of appointed counsel because of a TRO eviction on April 6, 2018. He did not receive a notice of a hearing on April 17, 2018, until it was too late. The Court rescheduled the

5

proceeding for May 7, 2018, and Mr. Adams apparently appeared. At that time, however, Judge Adams stated that she had granted counsel's application to withdraw on the papers. (*See* DE 1 pp. 10–11)[3] From another letter to the presiding judge (also attached to the Notice), it appears that Mr. Rosenberg himself sought to discharge the attorney for ineffectiveness, complaining that the attorney had not forwarded discovery to him or obtained a probable cause hearing. (DE 1 pp. 15–16) This letter contains a number of other complaints that Judge Adams had a "conflict of interest" by virtue of presiding over other cases involving Mr. Rosenberg, should not have questioned him about or denied his application for indigent status, had wrongfully imposed a $200 fee, had countenanced perjury by the police and complaining witness, had ignored his due process and *Brady* complaints, and had threatened Mr. Rosenberg and displayed racial animus. (DE 1 at pp. 14–17)

**Discussion**

Removals under § 1443(1) are rare. They require that stringent preconditions, amounting to a breakdown in equal protection safeguards in the state criminal justice system, be established. *See generally City of Greenwood v. Peacock*, 384 U.S. 808 (1966). In addition, the notice of removal must be filed no more than 30 days after the institution of the criminal action. That deadline may be extended if a showing of good cause is made. *See* 28 U.S.C. § 1455(b)(1).

---

[3] It is not clear whether Mr. Rosenberg has requested, or is entitled to, appointment of substitute counsel in the municipal court.

6

### *Timeliness*

I first consider the timeliness of the Notice. Mr. Rosenberg's Notice of Removal alleges that on January 28, 2018, the underlying criminal action was commenced by the filing of a complaint (Summons # SC 2017 010638) in the Superior Court of New Jersey, Bergen County, Municipal Division. (Notice ¶ 3) The notice of removal was filed in this Court about four and one half months later, on June 11, 2018, well outside the 30-day deadline for removal. (DE 1)

Mr. Rosenberg argues that his noncompliance with the deadline should be excused because it took time for him to learn of the basis for his complaints about the fairness of proceedings in the municipal court. But his stated basis for removal, assuming *arguendo* that it exists and is valid, was sufficiently known to him at an early date. He objects to the racial composition of the Englewood bench and police force, matters known to him when the criminal charges were filed in January 2018. It was in April 2018 that the municipal court allegedly entered orders discharging Mr. Rosenberg's appointed defense counsel. (Petition ¶ 17) It was on May 5, 2018, at the latest, that Mr. Rosenberg appeared and learned of the alleged wrongdoing by the judge. If there was good cause for late filing of the Notice, it surely was apparent by then. The Notice of Removal, however, was not filed until some 37 days later.

I find that the Notice was untimely, and that whatever good cause existed would not have excused a delay in filing until June 11, 2018.

### Substantive Grounds

In addition and in the alternative, I consider the substantive grounds for removal. Even assuming the Notice is timely, it does not state an adequate basis for removal.

To remove a case to district court under 28 U.S.C. 1443, a state court defendant "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for... equal civil rights' and (2) that he is denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1046 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

The first prong must be "construed to mean any law providing for specific civil rights stated in terms of racial inequality." *Rachel*, 384 U.S. at 792. Thus, a claim for removal under §1443 claiming First Amendment or due process violations under the Fourteenth Amendment cannot support a valid claim for removal under §1443. *Id*. Mr. Rosenberg offers a potpourri of complaints, most of them seemingly sounding in due process concerns, about adequate notice, his right to counsel, the untruthfulness of the police officers, and so on. "[I]t is not enough," however, "to show that that defendant's federal equal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 284 U.S. at 827. It is true, of course, that Mr. Rosenberg attributes these lapses to the race of the persons involved, but no convincing connection is drawn, and his fundamental

8

complaint is unfairness, not denial of rights under some federal equal protection law.

The second prong requires that the removal petitioner be *unable* to enforce such federal rights "in the courts of the state." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Allegations that officers are biased or have corrupt motives are insufficient to demonstrate that a state trial will result in a guilty verdict despite the defendant's innocence, or that the defendant cannot vindicate a specified federal right in the courts of the state. *See Peacock*, 384 U.S. at 827.

In *Greenwood v. Peacock*, defendants were charged criminally by the State and filed petitions to remove their case to federal court pursuant to 28 U.S.C § 1443. 384 U.S. at 811. Their prosecution, they asserted, was racially motivated in that they were arrested while attempting to register African-American voters in Mississippi in 1965. (*Id.* at 826.) The Supreme Court held that removal under 28 U.S.C. § 1443 was inappropriate, because, *inter alia*, there was no proof that the state trial court would find them guilty or that they were denied a specific federal right. Further, the Court held that there were various remedies available to the defendants if the state courts failed to provide defendant with a fair trial. *Id.* at 826.

Here, as in *Peacock*, Rosenberg cannot show that he is being denied a specified civil right in the courts of the State. In a lengthy, yet vague, Notice of Removal, Rosenberg alleges that the criminal charges against him are false and that pretrial proceedings in municipal court have been conducted unfairly.

9

Rosenberg generally alleges discrimination against himself, but the complaints tend to be accusations of unfair proceedings, erroneous rulings, corrupt motives, or bias, all of which he blames on the race of the person responsible.

As in *Peacock*, there is no sufficient showing of denial of a specific, equal-protection-based federal right *that cannot be enforced in the courts of the State of New Jersey*. There is no reason to believe, for example, that any errors in the municipal court proceeding (assuming there is a conviction), could not be corrected by the usual process of appeal in the courts of the State. Nor has this been shown to be one of "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." 384 U.S. at 827. The defendant merely claims that all adverse actions are attributable to bias against him as a Caucasian person. Even assuming that his claims of bias have validity with respect to the police or a particular municipal court judge are valid—which I do not—there is no proof or indication that the New Jersey court system is so corrupted by bias against Caucasian persons that they are incapable of correcting such errors.

Mr. Rosenberg's June 3 Brief adds little, if anything, to the analysis. The first, and main, basis for remand was that the removal notice was untimely. That remains unchanged. He repeats his prior allegations that the police were racist and that they unfairly credited the complaints of the African-American witnesses to the Starbucks incident. (June 3 Brf. at 3)

Removal under 28 U.S.C. §1443 was not appropriate.

*Miscellaneous Relief*

Mr. Rosenberg's other requests of miscellaneous relief are denied as moot.

Mr. Rosenberg demands discovery and an explanation for what he regards as a discrepancy in dates set by the Court. When he filed his motion to vacate, the clerk set it for the next motion day, June 3, 2019. The very notice he reproduces in his brief provides that "this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court." (Entry following DE 26, reproduced at June 3 Brf. 2) There was such a "subsequent order" of the court. On May 7, 2019, when I afforded Mr. Rosenberg an additional opportunity to respond, I granted him a full 30 days, until June 7, 2019. (DE 27) The difference between June 3 and June 7 is authorized; more importantly, that I granted Mr. Rosenberg additional time is immaterial to the merits.

Mr. Rosenberg demands broad discovery, by items lettered a through o. (June 3 Brf. At 4–6) The discovery is directed primarily to the internal processes of this court. He means to get to the bottom of the incorrect address, the discrepant return dates of June and June 7, and so on. Once again, this is all collateral to the merits. The court undid any alleged injury from the incorrect address, and did not err by giving Mr. Rosenberg more time than he was entitled to.

Mr. Rosenberg states that 30 days was insufficient time for him to respond to the order to show cause. He requests an additional extension of at least six weeks. Primarily he wants time to obtain discovery to which I have already ruled he is not entitled. I disagree that 30 days was insufficient, and the request for an extension is denied.

Mr. Rosenberg demands communication by certified mail, because of "fraudulent actions by [his] building concierge." (June 3 Brf. 7) Supplying a reliable mailing address is his responsibility. Nevertheless, I will indulge his preference on this occasion and arrange for this opinion and order to be sent by certified mail.

Mr. Rosenberg objects that his Notice of removal was not afforded an evidentiary hearing. The Notice, however, did not raise any substantial issue of fact as to a systemic bias of the New Jersey court system that would prevent the errors he complains of from being corrected. The statute, moreover, provides that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). That is the case here, and I do order summary remand.

Finally, Mr. Rosenberg demands appointment of counsel. There is no established right to counsel merely upon the filing of a notice of removal (although there may be in a criminal case, should it go forward). The merits, moreover, are wholly lacking.

**CONCLUSION**

For the reasons stated above, the motion to dismiss the petition (DE 15) is again GRANTED and all motions to vacate or overturn the court's prior order and opinion (DE 23, 24) are DENIED; the petition for removal of the State criminal case, pursuant to 28 U.S.C. § 1443(1), is DENIED; and, pursuant to 28 U.S.C. § 1455(b)(4), the matter is and shall remain REMANDED to the Superior Court of New Jersey, Bergen County, Municipal Division (Englewood), # SC 2017 010638. An appropriate Order will accompany this Opinion.

KEVIN MCNULTY
United States District Judge